1
2
3                    **UNITED STATES DISTRICT COURT**
4                    **EASTERN DISTRICT OF CALIFORNIA**
5

6  **CLAY JOSEPH JONES,**                 **CASE NO. 1:21-CV-01212-AWI-SAB**
7              **Plaintiff**
8          **v.**                          **ORDER ON DEFENDANTS' MOTION
                                           TO DISMISS PLAINTIFF'S
9  **BRANDON PRICE, Executive Director of  COMPLAINT**
   Coalinga State Hospital in his individual
10 capacity; PAM AHLIN, Executive Director
   in her individual capacity; ALDO        (Doc. No. 5)
11 MENDEZ; KEVIN ADAMS; CHANG
   LEE M.D.; DOES 1-10,**
12
13             **Defendants**
14

15

16         Plaintiff Clay Joseph Jones initiated this civil rights lawsuit pursuant to 42 U.S.C. § 1983

17 against Defendants Brandon Price, Pam Ahlin, Aldo Mendez, Kevin Adams, and Chang Lee.

18 Plaintiff's Complaint asserts a single cause of action for violation of rights protected by the

19 Fourteenth Amendment. Doc. No. 1. Pending before the Court is Defendants' motion to dismiss

20 the Complaint. Doc. No. 5. For the following reasons, the Court will grant Defendants' motion

21 and dismiss the Complaint with leave to amend.

22                              **BACKGROUND[1]**

23         On or about August 2, 2004, Plaintiff was detained at a secure facility pursuant to

24 California's Sexually Violent Predator Act ("SVPA"), Cal. Welf. & Inst. Code § 6600 et seq. At

25 his probable cause hearing on July 24, 2006, probable cause was found to detain Plaintiff until

26 adjudication could be had as to his status as a Sexually Violent Predator ("SVP"). In August 2006,

27
28 _____
[1] This section summarizes allegations set forth in the Complaint. See Doc. No. 1. Additionally, as explained in further detail later in this Order, the Court takes judicial notice of the exhibits submitted with Defendants' motion to dismiss and will reference them in this section. See Doc. No. 5-3.

1   Plaintiff was transferred from Sacramento County Jail to Coalinga State Hospital ("CSH"), a

2   facility owned and operated by California's Department of State Hospitals ("DSH"). Plaintiff was

3   brought to trial in 2017, and on June 6, 2018, the jury found that Plaintiff was a SVP.

4       Plaintiff filed a Petition for Writ of Habeas Corpus, which the Sacramento County

5   Superior Court granted on September 4, 2018. The Superior Court found that Plaintiff's

6   approximately 14-year detention violated his rights under the Sixth and Fourteenth Amendments

7   and vacated Plaintiff's detention and status as a SVP.  The Third District Court of Appeal affirmed

8   but found that instead of a 14-year delay, Plaintiff suffered a 10-year delay for his trial. On August

9   8, 2019, the Superior Court issued an Order for Immediate Release, and on August 12, 2019,

10  Plaintiff was released from custody.

11      During his detainment at CSH, Plaintiff filed several claims under the California

12  Government Claims Program ("GCP"). On or about February 16, 2012, Plaintiff submitted

13  Government Claim #602571 against Defendants Pam Ahlin, Aldo Mendez, and Kevin Adams for

14  denial of civil and constitutional rights, retaliation, infliction of emotional distress, and

15  confiscation of property. Doc. No. 5-3 at 84-118.  The Claim referred to the "Date of Incident" as

16  "10-31-2011 through the present and still on-going to-date." Id. at 86. The GCP investigated

17  Plaintiff's claims and informed him on March 7, 2012 that he could initiate a court action to

18  pursue the matter further. Id. at 83. On December 5, 2014, Plaintiff filed a federal complaint

19  against Defendant Pam Alhin in the Eastern District of California (Case No. 1:15-cv-0070 LJO

20  MJS), alleging violation of his procedural and substantive due process rights under the Fourteenth

21  Amendment. Id. at 104-118. That case was dismissed on June 16, 2015, for failure to prosecute

22  and obey a court order.  See Doc. Nos. 13 & 14 in E.D. Cal. Case No. 1:15-cv-0070 LJO MJS.

23      On or about October 10, 2017, Plaintiff submitted Government Claim #17010147 against

24  Defendants Brandon Price and Pam Ahlin for denial of civil and constitutional rights, retaliation,

25  infliction of emotional distress, conspiracy, and confiscation of property. Id. at 21-29. The Claim

26  referred to the "Date of Incident" as "On or about May 26, 2017 and still ongoing to date" Id. at

27  21. The GCP investigated Plaintiff's claims and informed him on October 17, 2017 that he could

28  initiate a court action to pursue the matter further. Id. at 30-31.

2

On or about August 17, 2018, Plaintiff submitted Government Claim #18007593 against Defendants Brandon Price and Pam Ahlin for denial of civil and constitutional rights, retaliation, infliction of emotional distress, conspiracy, and confiscation of property. Id. at 32-63. The Claim referred to the "Date of Incident" as "July 2, 2018 and still ongoing to-date." Id. at 32. The GCP investigated Plaintiff's claims and informed him on September 14, 2018 that he could initiate a court action to pursue the matter further. Id. at 64-65.

On or about January 30, 2020, after he had already been released from custody pursuant to the Superior Court's Order for Immediate Release, Plaintiff submitted Government Claim #20001587 against Defendant Brandon Price for denial of civil and constitutional rights, retaliation, infliction of emotional distress, and confiscation of property. Id. at 66-82. The Claim referred to the "Date of Incident" as "August 12, 2019 and months prior to on a continuing basis." Id. at 66.

On August 11, 2021, Plaintiff filed the instant Complaint before this Court alleging that he incurred the following injuries during his detainment at CSH: confiscation and destruction of personal and legal property; harassment and denial of privileges for refusing to submit to the SVP treatment program; housing in units detrimental to his health and safety; harassment and punishment for filing complaints about his conditions of confinement; involuntary subjection to psychotropic medication; assault and battery; and denial of medical treatment, food, and water. See Doc. No. 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action may be dismissed where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Godecke ex rel. United States v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). To survive a Rule 12(b)(6) motion for failure to allege sufficient facts, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Compliance with this rule ensures that the

defendant has "fair notice" of the claims against it. <u>Williams v. Yamaha Motor Co.</u>, 851 F.3d 1015, 1025 (9th Cir. 2017) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Under this standard, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.</u>, 998 F.3d 397, 403 (9th Cir. 2021) (quoting <u>Twombly</u>, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. <u>Id.</u> at 403 (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Benavidez v. Cty. of San Diego</u>, 993 F.3d 1134, 1144 (9th Cir. 2021). But the Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" <u>Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC</u>, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoted source omitted). Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Benavidez</u>, 993 F.3d at 1145 (citing <u>Iqbal</u>, 556 U.S. at 678). Rather, "[f]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Hernandez v. City of San Jose</u>, 897 F.3d 1125, 1132 (9th Cir. 2018) (citing <u>Iqbal</u>, 556 U.S. at 678).

If a motion to dismiss is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Perez v. Mortg. Elec. Registration Sys.</u>, 959 F.3d 334, 340 (9th Cir. 2020) (citing <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)).

## **REQUEST FOR JUDICIAL NOTICE**

Defendants request that the Court take judicial notice of various documents for purposes of resolving their motion to dismiss. <u>See</u> Doc. No. 5-2. Specifically, Defendants seek judicial notice of three documents: (1) the Complaint filed in this matter on August 11, 2021 (Doc. No. 5-3, Ex.

4

A); (2) the Declaration of Natalie Gedjeyan, Government Claims Specialist, dated October 21, 2021, including the contents thereof (Doc. No. 5-3, Ex. B); and (3) the Complaint filed in *Clay Joseph Jones v. Cliff Allenby, et al.*, Case No. 2:14-CV-2849, U.S. District Court of the Eastern District of California, on December 5, 2014 (Doc. No. 5-3, Ex. C). Plaintiff does not object to the Court taking judicial notice of these three exhibits. Upon review and in light of Plaintiff's non-opposition, the Court finds that these exhibits consist of information that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[2] Fed. R. Evid. 201(b)(1)-(2). Accordingly, the Court will take judicial notice of these exhibits. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).

## DISCUSSION

**I.   Defendants' Motion to Dismiss**

Defendants move to dismiss the Complaint on several grounds. For the reasons that follow, the Court will grant Defendants' motion and dismiss the Complaint with leave to amend. The grounds for dismissal are analyzed below in turn.

**A.  Statute of Limitations**

*Defendants' Arguments*

According to Defendants, the relevant statute of limitations for personal injury claims is two years. Thus, given that Plaintiff was released from DSH on August 12, 2019 and filed his Complaint on August 11, 2021, Defendants argue that the statute of limitations expired for "any of Plaintiff's personal injury claims except for the last day of [Plaintiff's] civil confinement." Doc. No. 5-1 at 5. Defendants further argue that Plaintiff's alleged injuries occurred, and Plaintiff knew they occurred, well before Plaintiff's last day of confinement thereby making them time barred. Moreover, Defendants assert that Cal. Code Civ. Proc. § 352.1(a) did not toll Plaintiff's claims

---

[2] Matters subject to judicial notice include records of state agencies, City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004); court records available to the public through the Public Access to Court Electronic Records (PACER) system, C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009); claims to the government and notices of rejection, Rogers v. Macias, 2019 U.S. Dist. LEXIS 171206, *2 n.2 (C.D. Cal. Apr. 25, 2019); and the docket and documents from a related proceeding in another tribunal. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005).

1  indefinitely because the statute "limits the tolling to an additional two years" and "does not apply

2  to civil detainees." Doc. No. 9 at 2.

3          *Plaintiff's Arguments*

4          Plaintiff argues that his claims are not time barred under the relevant two-year personal

5  injury statute of limitations because his Complaint was filed within two years of Plaintiff's release

6  from DSH. Additionally, Plaintiff contends that all his alleged injuries and claims that arose

7  during his confinement were tolled until his release date pursuant to Cal. Code Civ. Proc. § 352.1.

8  Plaintiff notes that § 352.1(c) "specifically indicates that said tolling relates to claims which are

9  for damages relating to the conditions of confinement which is the case here." Doc. No. 8 at 3.

10          *Legal Standards*

11          For 42 U.S.C. § 1983 actions, the forum state's law governs the length of the statute of

12  limitations period. Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014) (citing Jones v. Blanas,

13  393 F.3d 918, 927 (9th Cir. 2004)). Section 1983 claims are characterized as "personal injury"

14  suits for statute of limitations purposes. Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015)

15  (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th

16  Cir. 2009). In California, the statute of limitations period for personal injury actions is "[w]ithin

17  two years." Cal. Civ. Proc. Code § 335.1; Klein v. City of Beverly Hills, 865 F.3d 1276, 1278 (9th

18  Cir. 2017). This means that if the triggering event occurred, for example, on December 3, 2011,

19  then the plaintiff is "required to file suit no later than December 3, 2013." Shalabi v. City of

20  Fontana, 11 Cal. 5th 842, 845 (2021) (analyzing § 335.1 in its holding that the general rule for

21  computing the time by which a plaintiff must bring a cause of action is to exclude the first day of

22  the limitations period and include the last day.).

23          Federal law determines when a cause of action accrues and when the statute of limitations

24  begins to run for a § 1983 claim. Belanus, 796 F.3d at 1025 (citing Wallace v. Kato, 549 U.S. 384,

25  388 (2007)). Under federal law, a cause of action accrues when the plaintiff knows or has reason

26  to know of the injury that is the basis of the action. Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128

27  (9th Cir. 1996)). An "injury" for purposes of accrual refers to an actual injury, not a legal wrong.

28  Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008); see also Scheer

1   v. Kelly, 817 F.3d 1183, 1189 (9th Cir. 2016).  A plaintiff must be diligent in discovering the

2   critical facts of his case.  Gregg v. Department of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017);

3   Klein v. City of Beverly Hills, 865 F.3d 1276, 1278 (9th Cir. 2017). Accrual occurs even if the full

4   extent of the injury is unknown.  Gregg, 870 F.3d at 887 (citing Wallace, 549 U.S. at 391).

5           With respect to tolling, the forum state's tolling statutes apply to § 1983 actions. Butler v.

6   Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1198 (9th Cir. 2014) (citing Canatella v. Van De

7   Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)). In California, Cal. Civ. Proc. Code § 352.1(a) tolls

8   the statute of limitations for two years when the plaintiff is, at the time the cause of action accrued,

9   "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term

10  less than for life." Jones, 393 F.3d at 927 (citing Cal. Civ. Proc. Code § 352.1); Austin v. Medicis,

11  21 Cal. App. 5th 577, 590 (2018). Cal. Civ. Proc. Code § 352.1(a) does not apply to civil

12  detainees. Jones, 393 F.3d at 927-28 ("[T]he literal language of the statute does not cover . . . a

13  civil detainee.") (citing Hubbart v. Superior Court, 19 Cal. 4th 1138, 1169-79 (1999) (treating

14  SVPA detention as civil in nature)).

15          *Discussion*

16          Plaintiff does not dispute that California's two-year statute of limitations for personal

17  injury actions under Section 335.1 applies to his Section 1983 claims. Rather, Plaintiff argues that

18  Section 352.1(a) tolled his claims for at least two years. However, because Plaintiff was a civil

19  detainee, Section 352.1(a) does not apply to toll his claims. Jones, 393 F.3d at 927-28; see also

20  Consiglio v. Brown, 2018 U.S. Dist. LEXIS 152268, *11 (E.D. Cal. Sep. 6, 2018) ("[B]y its terms

21  § 352.1 does not apply to civil detainees."); Huskey v. Ahlin, 2014 U.S. Dist. LEXIS 94790, *17

22  (E.D. Cal. July 11, 2014) ("Given that Plaintiff is a civil detainee, he is not entitled to the two-year

23  tolling provision set forth in section 352.1."). Accordingly, the statute of limitations period for

24  Plaintiff's Section 1983 claims is two years. Klein, 865 F.3d at 1278.

25          Plaintiff filed his Complaint on August 11, 2021. Therefore, the Complaint covers all

26  triggering events dating back to August 11, 2019. Shalabi, 11 Cal. 5th at 845. Given that Plaintiff

27  was released from CSH's custody on August 12, 2019, the scope of the Complaint includes any of

28  Plaintiff's alleged injuries caused by Defendants that occurred during his final two days at CSH on

August 11, 2019 and August 12, 2019. The Complaint does not specify the dates when Plaintiff's alleged injuries occurred. See Doc. No. 1 at 6-8. However, Plaintiff's government claim #20001587 dated January 30, 2020 indicates that Plaintiff sustained injuries on "August 12, 2019 and months prior to on a continuing basis." Doc. No. 5-3 at 66. Further, Plaintiff's government claim #602571 dated February 16, 2012 indicates that Plaintiff sustained injuries at CSH as early as "10-31-2011 through the present and still on-going to-date." Doc. No. 5-3 at 86. While these government claims suggest that Plaintiff has at least some claims not time-barred by § 335.1, the Complaint fails to plead sufficient factual matter as to what injuries occurred on August 12, 2019, how Plaintiff's past injuries at CSH proceeded "on a continuing basis," and how each Defendant caused those injuries.[3] Based on the factual content in the Complaint, the Court cannot "draw the reasonable inference that the defendant is liable for the alleged misconduct." Irving Firemen's Relief, 998 F.3d at 403 (citing Iqbal, 556 U.S. at 678). Therefore, the Court will dismiss the Complaint but will grant Plaintiff leave to amend.[4]

### B.  Eleventh Amendment Immunity

*Defendants' Arguments*

Defendants argue that Plaintiff's claims are against Defendants in their official capacities and, therefore, are barred by the Eleventh Amendment. Additionally, Defendants assert that the doctrine of *respondent superior* does not apply to impose § 1983 liability on Defendants and that the Complaint fails to state facts showing how each Defendant's conduct caused Plaintiff's alleged injuries. Defendants also argue that the Complaint fails to sufficiently state why the alleged acts

---

[3] While Plaintiff's government claims state that Plaintiff sustained injuries on a "continuing basis," the Complaint does not describe how these injuries are ongoing to date. The Court recognizes that the "continuing violations doctrine" functions as an exception to the discovery rule of accrual "allowing a plaintiff to seek relief for events outside of the limitations period." Bird v. State, 935 F.3d 738, 746 (9th Cir. 2019) (citing Knox v. Davis, 260 F.3d 1009, 1010 (9th Cir. 2001)). However, Plaintiff does not attempt to argue or imply that the continuing violations doctrine applies to this case. While the Court makes no ruling in this order on whether Plaintiff's alleged injuries satisfy the prerequisites of this doctrine, any amended complaint should take this doctrine into account when describing Plaintiff's alleged injuries.

[4] While the Court acknowledges that Defendant Ahlin no longer served as the Executive Director of CSH after 2013, the Court will decline to dismiss at this time the allegations against Defendant Ahlin on the basis of § 335.1 or laches. It is not necessarily clear whether Plaintiff's alleged injuries caused by Defendant Ahlin no longer exist "on a continuing basis." Amending the complaint would not be futile because Plaintiff can specify how Defendant Ahlin allegedly caused his injuries and whether these injuries continue to date.

1  by Defendants, such as administering medication, confiscating contraband, and requiring Plaintiff

2  to participate in treatment programs, were improper.

3      *Plaintiff's Arguments*

4      Plaintiff contends that his claims against Defendants are not in their official capacities but

5  rather in their individual capacities for their individual and supervisory conduct. According to

6  Plaintiff, supervisor Defendants Price and Ahlin "acted individually in being complicit in

7  decisions to refuse to return personal property and act[ed] punitively against Plaintiff for his

8  refusal to participate in an SVP treatment program." Doc. No. 8 at 5. Additionally, Plaintiff claims

9  they "encouraged and supported" the other Defendants' actions toward Plaintiff. Id. at 5-6. Based

10  on the content of the Complaint, Plaintiff argues that individual liability and supervisory liability

11  are sufficiently alleged to survive dismissal.

12      *Legal Standards*

13      When sued in their official capacity, government agents and representatives enjoy the same

14  immunities and are held liable under the same standards as the government entities they represent.

15  Buffin v. California, 23 F.4th 951, 962 (9th Cir. 2022) (citing Hafer v. Melo, 502 U.S. 21, 25

16  (1991)). "'[A]bsent waiver by the State or valid congressional override,' state sovereign immunity

17  protects state officer defendants sued in federal court in their official capacities from liability in

18  damages, including nominal damages." Platt v. Moore, 15 F.4th 895, 910 (9th Cir. 2021) (quoting

19  Kentucky v. Graham, 473 U.S. 159, 166-69 (1985)). However, claims against state officials in

20  their individual capacities for damages face no Eleventh Amendment jurisdictional barrier. Stoner

21  v. Santa Clara Cty. Office of Educ., 502 F.3d 1116, 1125 (9th Cir. 2007); Committee to Protect

22  Our Agric. Water v. Occidental Oil & Gas Corp., 235 F. Supp. 3d 1132, 1160 (E.D. Cal. 2017).

23      Supervisory personnel are generally not liable in their individual capacities under § 1983

24  for the actions of their employees under a theory of *respondeat superior*. Moss v. United States

25  Secret Serv., 675 F.3d 1213, 1230 (9th Cir. 2012) (citing Iqbal, 556 U.S. at 676); Robben v. City

26  of S. Lake Tahoe, 2017 U.S. Dist. LEXIS 122826, *7 (E.D. Cal. Aug. 2, 2017). Therefore, when a

27  named defendant holds a supervisorial position, the plaintiff must plead that the "Government-

28  official defendant, through the official's own individual actions, [] violated the Constitution."

1   Keates v. Koile, 883 F.3d 1228, 1242 (9th Cir. 2018) (citing Iqbal, 556 U.S. at 676). Such a

2   violation may be found where "there exists either (1) his or her personal involvement in the

3   constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful

4   conduct and the constitutional violation." Id. at 1243-43 (citing Starr v. Baca, 652 F.3d 1202, 1207

5   (9th Cir. 2011) and Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). "The inquiry into

6   causation must be individualized to focus on the duties and responsibilities of each individual

7   defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Blanco

8   v. Cty. of Kings, 142 F. Supp. 3d 986, 992 (E.D. Cal. 2015) (citing Leer v. Murphy, 844 F.2d 628,

9   633 (9th Cir. 1988)). The causal link between the defendant and the claimed constitutional

10  violation must be supported by sufficient factual allegations. Atayde v. NAPA State Hosp., 255 F.

11  Supp. 3d 978, 988 (E.D. Cal. 2017). Vague and conclusory allegations concerning the

12  involvement of official personnel in civil rights violations are not sufficient. Id. (citing Ivey v. Bd.

13  of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

14          *Discussion*

15          Plaintiff acknowledges that his claims against Defendants are in their individual capacities,

16  not in their official capacities. See Doc. No. 8 at 5. Therefore, the Court reads all claims to be

17  made against Defendants in their individual capacities only. So reading the Complaint, Eleventh

18  Amendment immunity is not applicable.  See Stoner, 502 F.3d at 1125.

19          With respect to the Complaint's individual-capacity claims, they will be dismissed with

20  leave to amend. Given that vicarious liability is inapplicable to § 1983 suits, Plaintiff was required

21  to plead that Defendants, through their own individual actions, violated the Constitution. Keates,

22  883 F.3d at 1242. The Complaint does not satisfy this requirement.

23          With respect to Defendants Price and Ahlin, the Complaint alleges that they were "aware

24  of," "encouraged and supported" the other Defendants' wrongful actions against Plaintiff, and

25  were "complicit in decisions" to deprive him of his personal property and to punish him for

26  refusing to participate in SVP treatment programs. Doc. No. 1 at 12, ¶ 32. These general and

27  vague allegations do not sufficiently describe the "personal involvement" of Defendants Price and

28  Ahlin in the alleged constitutional deprivation. Keates, 883 F.3d at 1243-43; see Webster v. Love,

2019 U.S. Dist. LEXIS 237167, *8 (E.D. Cal. Aug. 30, 2019) (finding no officer liability because plaintiff failed to show direct participation in the alleged violation by each defendant or that the particular defendant set in motion the acts of others); Leonard v. Coalinga State Hosp., 2019 U.S. Dist. LEXIS 88170, *6 (E.D. Cal. May 24, 2019) (same); Ronje v. Kramer, 2016 U.S. Dist. LEXIS 168736, *9-*10 (E.D. Cal. Dec. 6, 2016) (same); Pac. Marine Ctr., Inc. v. Silva, 809 F. Supp. 2d 1266, 1289 (E.D. Cal. 2011) (same).

Nor are there sufficient factual allegations that demonstrate a sufficient "causal link" between Defendants Price and Ahlin's conduct and the alleged deprivation. Atayde, 255 F. Supp. 3d at 988; see Koch v. Ahlin, 2018 U.S. Dist. LEXIS 213014, *6 (E.D. Cal. Dec. 18, 2018) (finding no personal involvement or causal connection between supervisor-defendant's conduct and plaintiff's alleged harm); Shehee v. Perez, 2018 U.S. Dist. LEXIS 32864, *10 (E.D. Cal. Feb. 27, 2018) (holding that plaintiff "failed to link" supervisor-defendant to the alleged wrongful conduct by other defendant); Smith v. Ahlin, 2017 U.S. Dist. LEXIS 63437, *8-9 (E.D. Cal. Apr. 25, 2017) ("Such generalized and conclusory statements fail to provide the requisite factual specificity to link any named Defendant to the offending acts alleged by Plaintiff.").

Accordingly, the Court will dismiss the Complaint with leave to amend. Any future complaint should contain factual allegations that demonstrate how Defendants Price and Ahlin "encouraged and supported" the other Defendants' wrongful actions against Plaintiff and how they were "complicit in decisions" to wrongfully deprive Plaintiff of his personal property and to punish him for refusing to participate in SVP treatment programs.

### C. Writ of Habeas Corpus v. Section 1983 Action

#### *Defendants' Arguments*

Defendants argue that the Complaint should be dismissed under the United States Supreme Court's *Heck* doctrine because the exclusive method for challenging the fact or duration of Plaintiff's confinement was by filing a petition for a writ of habeas corpus, not by the instant § 1983 action. According to Defendants, the alleged conduct in the Complaint "relates merely to a challenge of Plaintiff's confinement," which could only be raised through a writ of habeas corpus, not a § 1983 action. Doc. No. 5-1 at 11.

*Plaintiff's Arguments*

Plaintiff contends that a writ of habeas corpus was not the exclusive method to initiate this instant action. Given that Plaintiff had already been released from detainment when he filed his Complaint, Plaintiff argues that the *Heck* doctrine does not apply and that his § 1983 action is proper.

*Legal Standards*

When a prisoner challenges the fact or duration of his confinement, the sole federal remedy is a writ of habeas corpus. El-Shaddai v. Zamora, 833 F.3d 1036, 1046 (9th Cir. 2016) (citing Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989)). Therefore, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994); Taylor v. Cty. of Pima, 913 F.3d 930, 935 (9th Cir. 2019); Hooper v. County of San Diego, 629 F.3d 1127, 1130 (9th Cir. 2011). "But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487 (emphasis in original). The plaintiff's action will not "demonstrate the invalidity of any outstanding criminal judgment against the plaintiff" if the plaintiff proves that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Because detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement, the *Heck* doctrine applies to SVPA detainees with access to habeas relief. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005).

*Discussion*

The Court finds that Plaintiff's § 1983 action is not *Heck*-barred. Plaintiff's § 1983 action will not "demonstrate the invalidity of any outstanding criminal judgment against the plaintiff"

because the orders of the Sacramento County Superior Court and Third District Court of Appeal already vacated Plaintiff's detention and status as a SVP. Therefore, the Court will deny the portion of Defendants' motion seeking dismissal pursuant to the *Heck* doctrine. See Taylor v. Cty. of Pima, 913 F.3d 930, 935 (9th Cir. 2019) (finding plaintiff's claim was not Heck-barred because plaintiff's conviction had already been vacated by the state court); Holt v. Alvarado, 2020 U.S. Dist. LEXIS 152289, *6-7 (E.D. Cal. Aug. 21, 2020) (finding case was properly brought under § 1983 and not *Heck*-barred because Plaintiff submitted evidence that the guilty finding against him had already been overturned through the administrative appeals); Dasovich v. Contra Costa Cty. Sheriff Dep't, 2014 U.S. Dist. LEXIS 92757, *12 (N.D. Cal. July 8, 2014) (holding that *Heck* did not apply to case because plaintiff's claim and alleged injuries did not call into question the validity of his conviction).

### D. Absolute Immunity and Qualified Immunity

*Defendants' Arguments*

Defendants argue that they are entitled to absolute immunity because their custody of Plaintiff was determined by a court order and Defendants merely followed that court order during Plaintiff's detainment at CSH. Doc. No. 5-1 at 10. Additionally, Defendants contend they are entitled to qualified immunity for their actions taken within their official discretion. Specifically, Defendants claim there was no clearly established law at the time of Plaintiff's confinement that would or could have placed Defendants on notice that Plaintiff's commitment under the SVPA was improper and that confining Plaintiff under the same rules and regulations as all patients similarly situated, was a violation of Plaintiff's rights. Id. at 10-11.

*Plaintiff's Arguments*

Plaintiff does not directly address Defendants' absolute and qualified immunity defenses in opposition, but the Complaint alleges that Defendants violated his civil rights by "depriving him of life and liberty without due process of law in violation of the 14th Amendment" and "acted with deliberate indifference" in subjecting Plaintiff to these deprivations. Doc. No. 5-1 at 8-9. The Complaint further alleges that "under the circumstances of the wrongful acts, [Defendants] knew that they were violating [Plaintiff's] constitutional rights at the time." Id. at 9-10.

1      *Legal Standards*

2      1.  Absolute Immunity

3            Prison officials charged with executing facially valid court orders enjoy absolute immunity

4    from § 1983 liability for conduct prescribed by those orders. Engebretson v. Mahoney, 724 F.3d

5    1034, 1039 (9th Cir. 2013). The official must be "performing a duty functionally comparable to

6    one for which officials were rendered immune at common law," and "it is only the specific

7    function performed, and not the role or title of the official, that is the touchstone of absolute

8    immunity." Id. (citing Miller v. Gammie, 335 F.3d 889, 897 (9th Cir. 2003)). Absolute immunity

9    applies even where a prisoner claims that the order at issue is invalid or the order is later

10   overturned. Id. (collecting cases). Courts have similarly extended absolute immunity to law

11   enforcement and other public officials who simply executed or enforced facially valid court

12   orders. Id. at 1039 n.3; see also Coverdell v. Department of Social & Health Services, 834 F.2d

13   758, 762-65 (9th Cir. 1987) (holding that a child services worker who faithfully executed a court

14   order to apprehend a child from her mother enjoyed absolute quasi-judicial immunity); Hoffman v.

15   Halden, 268 F.2d 280, 301 (9th Cir. 1959) (holding that a hospital superintendent who prevented

16   the prisoner from leaving a mental hospital pursuant to a court order enjoyed the immunity of a

17   jailor). The absolute immunity extends "only to the *fact* of a prisoner's incarceration pursuant to a

18   facially valid court order—*i.e.*, the prison official in question must act within his or her authority

19   and strictly comply with the order." Engebretson, 724 F.3d at 1041 (emphasis in original). The

20   proponent of a claim to absolute immunity bears the burden of establishing the justification for

21   such immunity. Slater v. Clarke, 700 F.3d 1200, 1203 (9th Cir. 2012) (citing Burns v. Reed, 500

22   U.S. 478, 486 (1991)).

23   2.  Qualified Immunity

24           Qualified immunity protects public officials from a court action unless their conduct

25   violated a constitutional right that was "clearly established" at the time. Felarca v. Birgeneau, 891

26   F.3d 809, 815 (9th Cir. 2018) (citing City & Cty. of S.F. v. Sheehan, 575 U.S. 600, 611 (2015)).

27   To assess whether qualified immunity attaches, a court asks "two questions: (1) whether the facts,

28   taken in the light most favorable to the non-moving party, show that the officials' conduct violated

a constitutional right, and (2) whether the law at the time of the challenged conduct clearly established that the conduct was unlawful." Id. (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). The plaintiff must prove both steps of the inquiry to establish the officials are not entitled to qualified immunity. Id. The court may address these steps in any order. Id. at 815-16.

"To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent," as shown in "controlling authority or a robust consensus of cases of persuasive authority." Tuuamalemalo v. Greene, 946 F.3d 471, 477 (9th Cir. 2019) (citing District of Columbia v. Wesby, 138 S. Ct. 577, 590-91 (2018)). "It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." Wesby, 138 S. Ct. at 590. The court must define the right at issue with "specificity" and "not . . . at a high level of generality." Gordon v. Cty. of Orange, 6 F.4th 961, 968 (9th Cir. 2021) (citing City of Escondido v. Emmons, 139 S. Ct. 500, 503 (2019)). However, an "obviously unlawful" case can "clearly establish" that a constitutional violation occurred "even in novel factual circumstances." Hines v. Youseff, 914 F.3d 1218, 1230 (9th Cir. 2019). It is the Plaintiff's burden to establish that the law was "clearly established." Felarca, 891 F.3d at 815.

*Discussion*

The parties' briefings regarding absolute immunity and qualified immunity are sparse, and it is unclear whether the burdens of proof have been satisfied. With respect to absolute immunity, Defendants argue in a conclusory manner that their custody of Plaintiff was determined by a court order and that they merely followed that order during Plaintiff's detainment at CSH. To the extent that Plaintiff is complaining about the fact of confinement, as opposed to conduct done to him while confined, the Court would agree that absolute immunity applies. Engebretson, 724 F.3d at 1041. However, Defendants have not specified the details of the court order or how they strictly complied with the order. Slater, 700 F.3d at 1203 ("An official seeking absolute immunity bears the burden of showing that it is justified."). The allegations also appear to encompass wrongs beyond mere confinement. Furthermore, with respect to qualified immunity, Plaintiff did not directly address this issue in opposition, Felarca, 891 F.3d at 815, and even if the Court takes the

Complaint's stated facts as true, it is unclear whether the Complaint is alleging that Defendants committed a clear constitutional violation. <u>Keates</u>, 883 F.3d at 1235 ("If the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims.").

Given the Court's dismissal of the Complaint on the grounds articulated in the sections above, the Court will not further address the issue of absolute immunity or qualitied immunity at this time. Because the Court is granting Plaintiff leave to amend, the parties may renew the issues of absolute immunity and qualified immunity if Plaintiff files an amended complaint. However, an amended complaint must satisfy Rule 11(b) and be prepared to explain, if challenged, why qualified immunity does not apply.

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the Complaint (Doc. No. 5) is GRANTED with leave to amend;

2. Plaintiff may file an amended complaint that is consistent with this order no later than twenty-one (21) days from service of this order;

3. If Plaintiff files an amended complaint, Defendants shall file a response within twenty-one (21) days of service of the amended complaint; and

4. The failure of Plaintiff to file a timely amended complaint will result in the withdrawal of leave to amend without further notice.

IT IS SO ORDERED.

Dated: __June 1, 2022__     _____

                             SENIOR  DISTRICT  JUDGE